AF Approval *TCK for SCN*                    Chief Approval *CFM*

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:23-cr-109-WFJ-UAM

YUENDRY RODRIGUEZ HILARIO

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Yuendry Rodriguez Hilario, and the attorney for the defendant, Jaime J. Garcia, Esq., mutually agree as follows:

**A.** **Particularized Terms**

1.    Counts Pleading To

The defendant shall enter a plea of guilty to Counts One, Two, and Three of the Superseding Information. Count One charges the defendant with conspiracy to possess firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(o).

Count Two charges the defendant with aiding and abetting the possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.

Count Three charges the defendant with money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (3)(B) and 2.

Defendant's Initials _Y.R_

2.    Minimum and Maximum Penalties

Count One is punishable by a maximum term of imprisonment of life imprisonment, a fine of up to $250,000, a term of supervised release of up to three years, and a special assessment of $100.

Count Two is punishable by a minimum five-year term of imprisonment to be served consecutive to the underlying offenses of conviction up to a maximum term of life imprisonment, a fine of up to $250,000, a term of supervised release of up to three years, and a $500 special assessment.

Count Three is punishable by a maximum term of imprisonment of twenty years, a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; a term of supervised release of up to five years, and a special assessment of $100.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.    Counts Dismissed

The underlying indictment against the defendant will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

4.    Waiver of Indictment

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

Defendant's Initials V. B                    2

5.   <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

<u>First</u>:        Two or more persons agreed to do one of the following: (1) to use or carry a firearm during and in relation to a drug trafficking crime which may be prosecuted in federal court, or (2) to possess a firearm in furtherance of a drug trafficking crime which may be prosecuted in federal court; and

<u>Second</u>:   The defendant knew of this agreement or conspiracy.

The elements of Count Two are:

<u>First</u>:        The defendant committed or aided and abetted a drug trafficking crime in violation of 21 U.S.C. § 841 (or § 846); and

<u>Second</u>:   The defendant knowingly possessed a firearm in furtherance of that crime, or aided and abetted the possession of a firearm in furtherance of that crime.

The elements of Count Three are:

<u>First</u>:        A coconspirator conducted or tried to conduct, a financial transaction;

<u>Second</u>:   The defendant knew that the money or property involved in the transaction were represented to be the proceeds of some kind of unlawful activity; and

<u>Third</u>:       The defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.

6.   *Apprendi v. New Jersey*

Defendant's Initials Y.R                3

Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a maximum sentence of life imprisonment may be imposed for Count One because the following facts have been admitted by the defendant and are established by this plea of guilty:

The defendant conspired to use or carry a machinegun as defined under 26 U.S.C. § 5845(b) and a silencer as defined under 18 U.S.C. § 921(a)(25) in furtherance of a drug trafficking crime.

7.     No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

8.     Concurrent Sentences

The United States and the defendant agree that they will jointly recommend that the sentences for Counts One and Three shall run concurrently. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9.     Guidelines Sentence

Defendant's Initials  Y. R                              4

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

10.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to

Defendant's Initials Y·A                    5

USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

11.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 924(d), 982(a)(1), and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is

Defendant's Initials  Y.R.                      6

entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of

Defendant's Initials _Y. A_          7

a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

12.   <u>Abandonment of Property</u>

The United States of America and defendant hereby agree that any firearm and/or ammunition as defined in 18 U.S.C. § 921, seized from the defendant by the Bureau of Alcohol, Tobacco & Firearms (ATF) on or about March 2, 2023, and currently in the custody and/or control of ATF, were properly seized and are

Defendant's Initials  Y. R.                    8

subject to forfeiture to the government according to 18 U.S.C. § 924(d) and/or that the firearms and ammunition constitute evidence, contraband, or fruits of the crime to which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the firearms and ammunition to the United States of America, and consents to the administrative forfeiture of these assets.

Additionally, the defendant agrees that approximately $8,005 in U.S. currency seized from a coconspirator on or about March 2, 2023, was properly seized and is subject to forfeiture as proceeds of criminal activity and/or property involved in money laundering offenses. As such, the defendant hereby relinquishes all claim, title and interest he has in the currency to the United States of America, and consents to the administrative forfeiture of this asset.

13.   Cooperation—Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United

Defendant's Initials Y.h          9

States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

13.    Use of Information—Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

14.    Cooperation—Responsibilities of Parties

Defendant's Initials _Y.R_                    10

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further

Defendant's Initials 4.Q.                    11

aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by decision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set

Defendant's Initials _V. R._                    12

forth in this plea agreement, with regard to those counts to which the defendant has

pled; or in the alternative, at the option of the United States, the United States may

move the Court to declare this entire plea agreement null and void.

**B.**     **Standard Terms and Conditions**

     1.     Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or

in lieu of any other penalty, shall order the defendant to make restitution to any

victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in

18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution

to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as

to all counts charged, whether or not the defendant enters a plea of guilty to such

counts, and whether or not such counts are dismissed pursuant to this agreement.

The defendant further understands that compliance with any restitution payment

plan imposed by the Court in no way precludes the United States from

simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C.

§ 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to

the Mandatory Victims Restitution Act, in order to ensure that the defendant's

restitution obligation is satisfied.

        On each count to which a plea of guilty is entered, the Court shall

impose a special assessment pursuant to 18 U.S.C. § 3013.  To ensure that this

obligation is satisfied, the Defendant agrees to deliver a check or money order to the

Defendant's Initials _Y. R._                13

Clerk of the Court in the amount of $100.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.      Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.      Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.      Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems

Defendant's Initials Y. Q                     14

appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.  Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit

Defendant's Initials Y.A                15

reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.

Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court

Defendant's Initials __Y. A.__                    16

erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

Defendant's Initials Y.A                        17

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).

The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses

Defendant's Initials Y. R.                    18

to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.   The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

From an unknown date through on or about March 3, 2023, the defendant, Yuendry Rodriguez Hilario (RODRIGUEZ) was part of a conspiracy to transfer firearms to commit a felony or drug trafficking crime. It was reasonably foreseeable to RODRIGUEZ that members of the conspiracy would commit additional crimes to further the conspiracy's purpose – specifically, the possession of firearms in furtherance of drug trafficking in the Middle District of Florida and the concealment of funds obtained from the illegal transfer of firearms to undercover law enforcement agents believing those funds to be the proceeds of drug trafficking.

**A.   Trafficking of Firearms (Counts One and Two)**

From at least in or about August 2021, up to and including on or about March 2, 2023, RODRIGUEZ conspired with Saleh Yusuf Saleh and others to sell firearms to purchasers purported to be associated with a drug cartel in Mexico; in reality, the purchasers were undercover ATF agents (UC-1, UC-2, and UC-3).

Defendant's Initials __Y. A.__                         19

RODRIGUEZ, Saleh, and others known and unknown to the United States Attorney believed that the purchasers of these firearms intended to smuggle the firearms into Mexico and Florida for utilization by cartel members in furtherance of drug trafficking. RODRIGUEZ, Saleh, and others further believed that firearms the conspiracy distributed would have serial numbers removed when sent to Mexico so as to not be traceable to members of the conspiracy.

RODRIGUEZ negotiated the sale of firearms in the Middle District of Florida and elsewhere with others known and unknown to the United States Attorney. During the course of and in furtherance of the conspiracy, Saleh supplied for sale to the undercover agents a machinegun as defined under 26 U.S.C. § 5845(b) and a silencer as defined under 18 U.S.C. § 921(a)(25).

Saleh was the source of supply of firearms that Rodriguez and others distributed during the course of the conspiracy. Saleh obtained firearms through legitimate firearms dealers by purchasing the parts – stripped lower receivers, lower receiver parts kits, and upper receivers – and then assembling the firearms himself.

RODRIGUEZ, Saleh, and others conspired to purchase, assemble, and illegally transfer firearms to the undercover agents on at least the following occasions:

- The sale of ten firearms at a price of $16,000 on October 21, 2021, by Coconspirator 1 to undercover agents in Pinellas County, within the Middle District of Florida (Count Two);

Defendant's Initials __Y.R__                    20

- The sale of ten firearms to undercover agents in Cleveland, OH with Rodriguez on March 10, 2022;

- The sale of thirty firearms, to include a machinegun and silencer, to undercover agents in Cleveland, OH with Rodriguez at a price of $28,500 on May 26, 2022; and

- The sale of forty firearms to undercover agents in Cleveland, OH with Rodriguez, on March 2, 2023.

RODRIGUEZ was arrested during the planned sale of forty firearms to agents on March 2, 2023. Following his arrest, federal agents advised RODRIGUEZ of his *Miranda* rights and RODRIGUEZ agreed to speak to agents. During a post-*Miranda* interview, RODRIGUEZ admitted to meeting Saleh on an online firearms forum and then started acting as a "middleman" between Saleh and the undercover agents. RODRIGUEZ further admitted that he knew the sales were illegal and that he believed the sales and the purchasers of the firearms were associated with a Mexican drug cartel.

### B.   Concealment of Proceeds Represented To Be From a Specified Unlawful Activity (Count Three)

During the course of the conspiracy, and while RODRIGUEZ was a member of the conspiracy, a coconspirator deposited the proceeds from the illegal transfer of firearms in the bank account of another coconspirator to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of a specified unlawful activity – specifically, drug trafficking.

Defendant's Initials V.R                           21

On October 21, 2021, Coconspirator 1 sold ten rifles to UC-1 and UC-2 in St. Petersburg, within the Middle District of Florida, in exchange for $16,000. Following this sale, agents followed Coconspirator 1 as he drove to an area bank. Coconspirator 1 entered the drive-through of this bank and made an ATM cash deposit of $9,000 into the bank account of Coconspirator 2, who was the only signatory to that account. At the time this transaction was conducted, it was represented to the conspirators that UC-1 and UC-2 were members of a Mexican drug cartel and that the illegal transfer of firearms to the UCs would further the illegal objectives of this drug cartel. It was therefore known and reasonably believed by the members of the conspiracy that the funds utilized in the purchase of the firearms were the proceeds of drug trafficking, a specified unlawful activity.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials Y.A.                    22

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _____ day of _____, 2023.

ROGER B. HANDBERG
United States Attorney

_____
Yuendry Rodriguez Hilario
Defendant

_____
Daniel Baeza
Assistant United States Attorney
Chief, Transnational Organized Crime Section

_____
Jaime J. Garcia
Attorney for Defendant

_____
Christopher F. Murray
Assistant United States Attorney
Chief, Criminal Division – South

23