UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATE OF AMERICA,

v.  Case No. 8:23-cr-00109-WFJ-NHA

YUENDRY RODRIGUEZ HILARIO,

    Defendant.
_____/

**ORDER DENYING MOTION FOR RETURN OF PROPERTY**

Defendant Yuendry Rodriguez Hilario moves for the return of his cellphone pursuant to Federal Rule of Criminal Procedure 41(g). Doc. 88. The United States opposes his request. Doc. 92. I deny the motion.

**I.**     **Background**[1]

On March 3, 2023, the Defendant was charged with a variety of crimes arising from his sale of firearms to persons he believed were members of a

---

[1] Rule 41(g) cautions that "[t]he court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g); *United States v. Melquiades*, 394 F. App'x 578, 581–82 (11th Cir. 2010). Thus, a court errs if it denies a Rule 41(g) motion based on a prosecutor's unsworn allegations. *Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001). To rebut a movant's allegations, the United States must provide evidence that it has a legitimate reason to keep the property, it does not possess the property, or the property has been destroyed. *Id.* Although the United States offers no evidence to support its opposition to Defendant's motion, I find that the evidence in the record is sufficient to sustain the United States' position without reliance on unsworn assertions. I recite the relevant evidence here.

Mexican drug cartel. Docs. 1, 58, pp. 19-21. The sworn complaint submitted to the Court stated that the Defendant used his cellphone to communicate with one of his coconspirators and with his source of supply about the firearms. Doc. 1, p. 6, 13, 19-20. The complaint also depicted text messages, pictures, and a screenshot from a video that the Defendant sent an undercover law enforcement officer to facilitate the firearm sale. *Id.* pp. 11-12, 14-17, 19, 21, 22. Additionally, the complaint incorporates a photo of fentanyl that the Defendant texted to the undercover officer. *Id.* p. 18.

The United States seized the Defendant's cellphone during the investigation of this case. Doc. 88.

On November 13, 2023, the Defendant pleaded guilty to conspiring to possess firearms in furtherance of a drug trafficking crime, aiding and abetting the possession of firearms in furtherance of a drug trafficking crime, and money laundering. *See* Docs. 60, 64. In his plea agreement, the Defendant agreed to "cooperate fully with the United States in the investigation and prosecution of other persons. *Id.* p. 9. Relevant to that agreement, on August 7, 2024, the Defendant's brother, Yarquimedes Rodriguez Hilario, and another man, were charged with conspiring to traffic in firearms and money laundering. *United States v. Hilario, et al*, Case No. 8:24-cr-370-VMC-TGW, Doc. 1 (M.D. Fla.). The United States alleges that Defendant's brother is alleged to have been a member of the same trafficking conspiracy at issue in

2

this case and that the Defendant's phone contains evidence necessary for that prosecution. Doc. 92, p. 1.

The Defendant now seeks the return of his cellphone. Doc. 88. The United States asserts that the Defendant has no possessory interest in the phone and that the Defendant has no right to the cellphone, because he possessed it with unclean hands. Doc. 92. Specifically, the United Sates asserts that the Defendant used the cellphone "to facilitate the commission of the very offenses for which he is now serving a lengthy federal sentence." Doc. 92. Additionally, the United States indicates that the cellphone contains evidence necessary to to prosecute the Defendant's brother.

## II. <u>Legal Authority</u>

The Federal Rules of Criminal Procedure provide that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g) The "deprivation of property" provision applies if the United States holds property lawfully seized beyond the time it needs the property for investigative or prosecutorial purposes. *United States v. Beach*, 113 F.3d 188, 189−90 (11th Cir. 1997).

Rule 41(g) applies only during a criminal proceeding. *United States v. Dean*, 80 F.3d 1535, 1542 n.6 (11th Cir. 1996). If Rule 41(g) is inapplicable

because there is no criminal proceeding, a court still may assert "equitable" or "anomalous" jurisdiction over seized property, *id.* at 1542, and order law enforcement to release the property "to the rightful owner or his designee," *Henderson v. United States*, 135 S. Ct. 1780, 1784 (2015); *accord United States v. Martinez*, 241 F.3d 1329, 1330–31 (11th Cir. 2001).

Equitable jurisdiction is based on federal courts' "well established supervisory authority over officers of the court." *In re $67,470,* 901 F.2d at 1544. "The principle behind … equitable jurisdiction is that the state should not be permitted to deny individuals their property without recourse simply because there is no jurisdiction at law and thus no opportunity for review of government action." *Dean*, 80 F.3d at 1542. But invoking equitable jurisdiction is "exceptional," *Hunsucker v. Phinney*, 497 F.2d 29, 32 (5th Cir. 1974), and a court must exercise it with "caution and restraint," *Martinez*, 241 F.3d at 1331 n.2 (internal quotation marks omitted).

Exercising equitable jurisdiction is appropriate only to "prevent manifest injustice" in light of the movant's conduct and the merits of the request. *Id.* When the Court considers a Rule 41(g) motion in equity, equitable doctrines, including unclean hands, *Howell*, 425 F.3d at 974, and laches, *United States v. Potes Ramirez*, 260 F.3d 1310, 1315 (11th Cir. 2001), apply.

To make a "fair and just decision" on a Rule 41(g) motion, a court must "determine all the equitable considerations," *id.*, and balance them, *United*

4

*States v. De La Mata*, 535 F.3d 1267, 1279 (11th Cir. 2008). Such considerations include whether the movant will be irreparably harmed by denial of the relief requested, and whether the movant has an adequate remedy at law to redress his grievance. *Richey v. Smith*, 515 F.2d 1239, 1243–44 (5th Cir. 1975). "Enveloping" those "are the basic equitable considerations of whether the [movant's] conduct and the merits of his position require judicial review to prevent manifest injustice." *In re Matter of $67,470*, 901 F.2d 1540, 1545 (11th Cir. 1990). If a court determines an equitable remedy is appropriate, it may fashion equitable relief. *Id.* at 1315. But due to sovereign immunity, money damages are unavailable. *Potes Ramirez*, 260 F.3d at 1315–16.

### III. Analysis

The Defendant seeks the return of his cellphone. I find that equity prohibits the request.

First, Rule 41(g) is meant to redress the deprivation of property. Fed. R. Crim. P. 41(g) But, the "deprivation of property" provision applies when the United States holds lawfully seized property beyond the time required for investigative or prosecutorial purposes. *United States v. Beach*, 113 F.3d 188, 189−90 (11th Cir. 1997). Here, the United States indicates that it requires the phone for its ongoing prosecution of the Defendant's brother, whose case stems from the same criminal conspiracy. Doc. 92; *see United States v. Hilario, et al*,

5

Case No. 8:24-cr-370-VMC-TGW (M.D. Fla.). The Court further notes that the Defendant agreed to assist in such efforts. *See* Doc. 58. Thus, the United States has not improperly retained the cellphone such that Rule 41(g) requires its return.

Second, return of the cellphone is not necessary to prevent manifest injustice. Indeed, equity militates against returning the property. The record contains a sworn affidavit indicating that the Defendant used the cellphone to facilitate unlawful firearms trafficking.[2] Doc. 1. Thus, Rule 41 neither requires nor supports the cellphone's return. *See United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005) ("In order for a district court to grant a Rule 41(g) motion, the owner of the property must have clean hands.")

IV.  Conclusion

Accordingly, after due consideration, it is **ORDERED** that Defendant's Motion for Return of Property (Doc. 88) is **DENIED**.

**DONE AND ORDERED,** on August 25, 2025.

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[2] The Defendant has never disputed the allegation and does not dispute it in his motion. *See* Doc. 88.